NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  16a0641n.06

No. 16-1627

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 01, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TARAS P. NYKORIAK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LENA WILECZEK, individually and in her | ) | MICHIGAN |
| official capacity as a Michigan State Trooper, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  NORRIS, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM.    Taras  P.  Nykoriak  appeals  the  district  court's  decision  granting summary judgment in favor of Michigan State Police Trooper Lena Wileczek in this civil rights action filed under 42 U.S.C. § 1983.

On March 8, 2015, Nykoriak called 911 to report that his female passenger had turned white and thrown up and that she appeared to be having a seizure.  In response to Nykoriak's 911 call, Michigan State Police Troopers, including Trooper Wileczek, were dispatched to the report of a non-responsive female in a vehicle in a parking lot at a Marathon gas station on M-51 near the I-94 exit.

Trooper Jesse Binns, the first officer to arrive at the scene, observed a black Ford SUV occupied by Nykoriak in the driver's seat and Sabina Puchalski in the passenger's seat.  Trooper Binns recognized Nykoriak from a traffic stop some months prior during which another occupant of the vehicle was found to be in possession of heroin.

Upon her arrival at the scene, Trooper Wileczek attempted to speak with Puchalski, who had a difficult time focusing and answering questions. Puchalski had saliva on the left side of her face and could not keep her eyes open, appearing to nod in and out of consciousness. Based on her training and experience, Trooper Wileczek believed that Puchalski was under the influence of heroin or other opiates and may have been overdosing.

After speaking with Puchalski, Trooper Wileczek learned that Trooper Binns recognized Nykoriak from a prior traffic stop involving heroin and that multiple cell phones were observed in Nykoriak's vehicle. When Nykoriak refused to consent to a search of his vehicle, the troopers called to request a canine unit. Trooper Wileczek asked Nykoriak to exit his vehicle, and he complied. Trooper Wileczek informed Nykoriak that he was not under arrest and that she wanted him to wait in her cruiser. As Trooper Wileczek was patting Nykoriak down, he told her that he was carrying a concealed pistol. This was the first time that Nykoriak had mentioned the pistol to the troopers. Trooper Wileczek took the pistol, handcuffed Nykoriak, and placed him in the back of her cruiser. The troopers then attempted to verify that Nykoriak had a concealed pistol license. Trooper Wileczek was unable obtain such verification through the Law Enforcement Information Network, but another trooper verified through other electronic means that Nykoriak had a license. Trooper Wileczek also contacted dispatch to determine whether the pistol was registered; dispatch informed her that no record of registration was found.

When the canine unit arrived on the scene, the canine conducted a free air search around Nykoriak's vehicle and positively indicated narcotics near the rear of the vehicle and the front passenger seat. The troopers searched the vehicle but found no drugs. After searching the vehicle and conducting an investigation regarding the concealed pistol, the troopers released Nykoriak at the scene.

Nykoriak subsequently filed this § 1983 action against Trooper Wileczek, asserting that she violated the Fourth and Fourteenth Amendments by falsely arresting and imprisoning him and illegally confiscating his pistol. Nykoriak also brought a state-law claim for replevin of his firearm. Trooper Wileczek filed a motion for summary judgment, which the district court granted. This timely appeal followed.

We review de novo the district court's decision granting summary judgment. *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 357 (6th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the evidence and drawing all reasonable inferences in favor of the non-moving party, we must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Nykoriak contends that his complaint sufficiently stated claims against Trooper Wileczek and that genuine issues of material fact precluded summary judgment. However, "once a motion for summary judgment is made and is supported as required" by Rule 56, the non-moving party "cannot rest solely on the allegations made in [his] pleadings" but "must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002). In response to Trooper Wileczek's motion for summary judgment, Nykoriak relied solely on the factual allegations in his unverified complaint—many of which are refuted by the video and audio recordings in evidence. Nykoriak did not submit an affidavit or cite any evidence in the record showing any disputed facts. "The failure to present any evidence to counter a well-supported motion for summary judgment alone

is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). Based on the undisputed evidence presented by Trooper Wileczek, the district court properly granted her motion for summary judgment.

In support of his Fourth Amendment claims, Nykoriak contends that the encounter with the troopers became an arrest lacking probable cause when Trooper Wileczek handcuffed him and placed him in the back of her cruiser. In the alternative, Nykoriak argues that Trooper Wileczek lacked reasonable suspicion to stop and search him.

"An officer may detain an individual for a short time for investigatory purposes if, under the totality of the circumstances, [s]he has 'reasonable suspicion,' that is, 'a particularized and objective basis for suspecting the particular person . . . of criminal activity based on specific and articulable facts.'" *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015) (quoting *Hoover v. Walsh*, 682 F.3d 481, 494 (6th Cir. 2012)); *see generally Terry v. Ohio*, 392 U.S. 1 (1968). "Here, we must assess not only what the officers knew at the time of the initial stop but also the information developed during the course of that initial stop." *Hoover*, 682 F.3d at 497. "Once justified, an investigatory stop is reasonable if the 'degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand.'" *Id.* (quoting *O'Malley v. City of Flint*, 652 F.3d 662, 670 (6th Cir. 2011)). "When the nature of a seizure exceeds the bounds of a permissible investigative stop, the detention may become an arrest that must be supported by probable cause." *Dorsey v. Barber*, 517 F.3d 389, 398 (6th Cir. 2008). In determining whether a seizure has crossed those bounds, we consider such factors as "the length of the detention, the manner in which it is conducted, and the degree of force used." *Brown*, 779 F.3d at 414 (quoting *Smoak v. Hall*, 460 F.3d 768, 781 (6th Cir. 2006)).

Under the totality of the circumstances, Trooper Wileczek had reasonable suspicion that Nykoriak had drugs in his vehicle. Nykoriak's passenger appeared to be under the influence of heroin or other opiates and possibly overdosing. Trooper Wileczek learned from the other troopers that Nykoriak had previously been involved in a traffic stop during which heroin was found and that he had multiple cell phones in his vehicle. According to Trooper Wileczek, based on her training and experience, multiple cell phones are often found in the possession of people engaged in drug activity, the I-94 corridor between Chicago and Detroit is a known drug-trafficking route, and persons engaged in drug activity are often armed. "[O]fficers who stop a person who is 'reasonably suspected of carrying drugs' are 'entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions,' and to take reasonable measures to protect themselves." *United States v. Jacob*, 377 F.3d 573, 579 (6th Cir. 2004) (quoting *United States v. Heath*, 259 F.3d 522, 530 (6th Cir. 2001)). Accordingly, Trooper Wileczek acted reasonably in asking Nykoriak to exit his vehicle and patting him down.

While patting Nykoriak down, Trooper Wileczek discovered that he was carrying a concealed pistol, which he had not disclosed previously. Nykoriak's concealed pistol and his failure to tell the troopers about it until during the pat-down provided further grounds for suspecting that he was engaged in drug activity and that he posed a threat to officer safety. Under these circumstances, it was reasonable for Trooper Wileczek to handcuff Nykoriak and place him in the back of her cruiser while the troopers conducted their investigation regarding the potential drug activity and the concealed firearm. *See id*. at 579-80; *O'Malley*, 652 F.3d at 670-71. Trooper Wileczek's reasonable actions did not transform Nykoriak's detention into an arrest. *See Houston v. Clark Cty. Sheriff Deputy John Does 1-5*, 174 F.3d 809, 815 (6th Cir. 1999).

Nykoriak further contends that Trooper Wileczek lacked reasonable suspicion to search his vehicle. As addressed above, Trooper Wileczek had reasonable suspicion that Nykoriak had drugs in his vehicle. Calling for a canine unit was a reasonable means of dispelling that suspicion. *See United States v. Winters*, 782 F.3d 289, 303-04 (6th Cir. 2015). "Under the automobile exception, police officers may conduct a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)). Here, the positive indication by the canine was "sufficient to establish probable cause for the presence of a controlled substance" to justify the warrantless search of Nykoriak's vehicle. *United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994).

Finally, Nykoriak asserts that his replevin action is valid because Trooper Wileczek had no right to confiscate his pistol. Under Michigan law, "[a] civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained." Mich. Comp. Laws § 600.2920(1). Michigan's concealed carry statute requires an individual to have his concealed carry license in his possession at all times that he is carrying a concealed pistol. Mich. Comp. Laws § 28.425f(1). A licensed individual who is carrying a concealed pistol and is stopped by a peace officer must "immediately disclose to the peace officer that he or she is carrying a pistol . . . concealed upon his or her person." Mich. Comp. Laws § 28.425f(3). Michigan law also requires a licensed individual to take certain steps to register a pistol. *See* Mich. Comp. Laws § 28.422a. Because Nykoriak carried his pistol in violation of these firearm laws, the pistol was subject to immediate seizure. Mich. Comp. Laws §§ 28.425f(7), 28.425g. After the pistol's seizure, Nykoriak did not present his license or registration documents to the Michigan State Police. *See id.* As the district court properly concluded, Nykoriak could not

maintain a replevin action due to his failure to demonstrate that his pistol was "unlawfully taken or unlawfully detained."

For the foregoing reasons, we **AFFIRM** the district court's decision granting summary judgment in favor of Trooper Wileczek.